[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO INTERVENE
The plaintiff in this action is the father of a minor child named Kaitlynn Dec born August 1, 1992. The defendant is the mother of said child. The complaint is for custody, and alleges that the parties had a relationship from approximately 1990 until 1992 which was the year that the child was born. Through evidence elicited at hearing, the defendant mother testified that she has been the primary caretaker of the child. Both the father of the child and the maternal grandmother of the child. Geraldine Birnn, have had regular contact with the minor child, with the consent of the mother.
The plaintiff father has not been involved in any prior court CT Page 6329 proceeding, nor has there been any action in court initiated by either of these parties as to the child prior to this matter. He was incarcerated for two years following a conviction for risk of injury. The victim in that case was not the minor child involved in the instant action.
Mr. Collins testified that he developed a concern with respect to the defendant's ability to parent the child after he got out of jail. He testified that he never had any concern prior to his incarceration. He also testified that he has contact with the child primarily through the maternal grandmother of the child. Mr. Collins seeks an order of joint legal custody of the minor child as well as an access/visitation schedule. He does not seek physical custody of the child, nor does he claim he has been denied access to the child at any time prior by the defendant. By his own admission, he seeks essentially what he has.
The impetus for Mr. Collins to file this complaint was the maternal grandmother, Geraldine Birnn, who now seeks to intervene. Ms. Birrn alleges that she "has been a significant force in the child's life". The defendant confirms that Ms. Birnn has indeed helped her frequently with the child, has watched the child on weekends, and has taken the child when Ms. Dec has been away on vacation.
However, in the past, Ms. Birrn has initiated complaints to the Department of Child and Families with respect to Ms. Dec's care of the child, and she has also initiated a probate court proceeding in which there was a guardian ad litem, and counsel for the minor child. The DCF investigation was closed. and the probate court action did not result in a change in guardianship. Ms. Birrn met with counsel and Mr. Collins, and she "paid for papers" to be filed by Mr. Collins in this action. Mr. Collins has filed this complaint pro-se, and Ms. Birrn is represented by counsel with whom she and Mr. Collins previously met. It is the conclusion of this court that the action by Mr. Collins is filed solely to provide a basis for Ms. Birrn to present a motion to intervene.
Connecticut General Statute § 46b-57 reads in relevant part that "in any controversy before the Superior Court as to the custody of minor children and on any complaint under this chapter . . . the court may allow any interested third party or parties to intervene upon motion." By contrast, Connecticut General Statute § 46b-59 states that "the Superior Court may grant the right of visitation with respect to any minor child or children to any person."
At first glance, § 46b-59 appears to afford the most direct access to a grandparent in seeking judicial intervention or determination of their rights as to a child. However, the Connecticut Supreme Courts's interpretation of that statute in Castagno v. Wholean, 239 Conn. 336
CT Page 6330 (1996) has interpreted the statute to allow jurisdiction only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by § 46b-56 and § 46b-57. In its interpretation of when intervention would be allowed under the provisions of § 46b-59 the court indicated as an example that the death of a parent or the de facto separation of the parents might allow some action. In addition, "there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect". Castagno, supra at 352.
Castagno then imposes upon § 46b-59 the qualification that an independent action cannot be initiated where the children's parents were not involved in a dispute regarding the custody of the child and they enjoyed an intact family unit. In this case, the grandparent of the minor child has caused the initiation of the present action so that she could avoid the jurisdictional requirement of Connecticut General Statute § 46b-59 as articulated in Castagno. To allow the maternal grandmother to proceed under the present motion to intervene would require the court's ignoring the statutory scheme, and the interpretation of our Supreme Court in the Castagno matter. This, the court cannot do.
Accordingly, the motion to intervene is denied.
 _____________________ ROBAINA, JUDGE